**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SHARAL R. DIETZEL and ROBERT R. WILLIAMS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 14-CV-393-JED-FHM |
| ERIC ENDERS, | ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

Before the Court is the defendant's Notice of Removal (Doc. 1). Plaintiffs' Petition, filed in Washington County, Oklahoma District Court, is attached to the Notice of Removal. (*See* Doc. 1-1). The plaintiffs allege that they were injured when defendant "negligently and carelessly dr[ove] his vehicle into the rear of the vehicle" occupied by the plaintiffs. (*Id.* at ¶¶ 2-3). The Petition is silent as to the parties' citizenship, but defendant asserts in his Notice of Removal that the plaintiffs are residents of Oklahoma and defendant is a resident of Oregon. (Doc. 1 at ¶¶ 5-7). As to the amount in controversy, plaintiffs seek a judgment "in excess of $10,000.00 each, interest and such other relief as the court deems just and proper." (Doc. 1-1 at 2). In his Notice of Removal, defendant cites that requested relief and alleges that, "[u]pon information and belief, Plaintiffs are seeking an amount in excess of this Court's jurisdictional minimum of $75,000.00, excluding interest and costs." (Doc. 1 at ¶ 8). That statement is the defendant's entire analysis of the amount in controversy.

A case shall be remanded if, at any time before final judgment, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"

*Sunshine Haven Nursing Op., LLC v. U.S. Dep't of Health and Human Servs., Ctrs. for Medicare and Medicaid Servs.*, 742 F.3d 1239, 1246 (10th Cir. 2014) (quoting *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012)). The party invoking the court's jurisdiction has the burden to allege jurisdictional facts demonstrating subject matter jurisdiction. *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007); *see also McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 182 (1936). "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citation omitted).

Defendant removed this action on the basis of diversity jurisdiction. Diversity jurisdiction requires diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA) amended 28 U.S.C. § 1446(c)(2) to expressly govern the burden of proof in the removal context. As to diversity removal, the statute now provides:

> (2) If removal of a civil action is sought on the basis of [diversity] jurisdiction . . ., the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks— (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

Under the JVCA, the sum demanded in the plaintiff's Petition "shall be deemed to be the amount in controversy" unless a notice of removal asserts the amount in controversy under the circumstances set forth in § 1446(c)(2)(A) and "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified" for diversity jurisdiction. *Id.* Because the Oklahoma practice authorizes the recovery of damages in excess of the amount demanded and requires pleading of non-specific damages amounts, removal of this action hinges on a finding by this Court, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See id.* § 1446(c)(2)(B).

Consistent with the JVCA, the law in this Circuit has long required that, to effect proper removal based upon diversity jurisdiction, "[b]oth the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). In addition, the Tenth Circuit has provided guidance to district courts regarding the analysis to be undertaken in determining the amount in controversy:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "*underlying facts* supporting [the] assertion that the amount in controversy exceeds [$75,000]."

*Id.* (emphasis in original) (citations omitted). Where the face of the initial pleading does not affirmatively establish the requisite amount in controversy, *Laughlin* requires that the removing defendant set forth in the notice of removal the facts supporting defendant's allegation of the requisite amount in controversy. *See id.*

In *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008), the Tenth Circuit clarified that the defendant has the burden of establishing the jurisdictional *facts* by a preponderance of

the evidence, rather than proving the legal conclusion that the threshold amount is in controversy. *Id.* at 955. Thus, a removing defendant must "prove those jurisdictional facts by a preponderance of the evidence," and once it does so, the defendant is entitled to stay in federal court unless it is "legally certain" that the recovery will be less than the jurisdictional amount. *Id.* (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). Stated another way, the courts will "consider whether [the defendant] has proven the facts necessary to supports [sic] its assertion that this case may involve more than $75,000." *Id.*

"Still, in the absence of an explicit demand for more than $75,000, the defendants must show how much is in controversy through other means." *Id.* These means may include reliance on an estimate of the potential damages from the allegations in the plaintiff's pleading, a proposed settlement amount, discussions between counsel, discovery responses obtained in state court before removal was filed, a contract the value of which is in controversy, or other evidence, such as "affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Id.* at 955-56 (quoting *Meridian*, 441 F.3d at 541-42).[1]

---

[1] The Tenth Circuit has "recognize[d] that the JVCA may modify [the] procedure" identified in *McPhail*. *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245-46 (10th Cir. 2012). The Congressional Committee Report recommending passage of the JVCA noted that the "new preponderance standard . . . would follow the lead of recent cases" and cited *McPhail* as one of those "recent cases." H.R. REP. 112-10, 16, 2011 U.S.C.C.A.N. 576, 580. Consistent with *McPhail*'s preponderance of the evidence standard, the Committee noted that "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met," but may instead "allege or assert that the jurisdictional threshold has been met," and "[i]f the defendant establishes by a preponderance of the evidence that the amount exceeds $75,000, the defendant, as [the] proponent of Federal jurisdiction, will have met the burden of establishing jurisdictional facts." *Id.* "The removal will succeed if the district court finds by a preponderance of the evidence that the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a), presently $75,000." *Id.* This Court will apply the specific requirements of the statute, which are largely consistent with *McPhail*, and *McPhail* remains helpful in evaluating the types of proof that a defendant may utilize in establishing the requisite jurisdictional facts.

Here, the plaintiff's Petition does not contain a demand for more than $75,000. The Petition recites plaintiffs' request for in excess of $10,000 each plus other unspecified relief and, under the JVCA, that demand "shall be deemed to be the amount in controversy" unless the defendant has properly asserted the amount in controversy in the Notice of Removal and this Court "finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *See* 28 U.S.C. § 1446(c)(2). The *only* information provided by the defendant in his Notice of Removal is the unsupported assertion, "[u]pon information and belief," that the plaintiffs will seek the requisite amount. (Doc. 1 at ¶ 8). That does not provide the Court any basis to make a finding, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See, e.g.*, *Herndon v. American Commerce Ins. Co.*, 651 F. Supp. 2d 1266, 1271-73 (N.D. Okla. 2009) (defendant's minimal analysis was insufficient to prove the amount in controversy facts); *Saffle v. Oil Field Pipe & Supply, Inc.*, No. 09-CV-327-CVE-PJC, 2009 WL 1606519 (N.D. Okla. June 8, 2009) (*sua sponte* remand because initial pleading did not provide basis for removal and defendant's notice of removal merely alleged "on information and belief" that the plaintiffs sought damages in excess of $75,000); *Butler v. Target Corp.*, No. 12-4092-SAC, 2012 WL 5362974 (D. Kan. Oct. 31, 2012) (remanding case where petition sought $60,000 and other unspecified relief and defendant alleged in its notice of removal that the amount in controversy was met "[b]ased upon reasonable information and belief" of plaintiff's injuries and failure to stipulate to less than $75,000).

Defendant has not provided *any* information by which this Court could determine the possible amount in controversy, much less provided any of the types of proof identified in § 1446 or *McPhail* as potential means of establishing the facts supporting an assertion of the necessary amount in controversy. 28 U.S.C. § 1446(b)(3), (c)(3)(A) (if initial pleading does not

provide basis for removal, amended pleading, motion, records in the state proceeding, responses to discovery, or "other paper" may provide basis for removal); *McPhail*, 529 F.3d at 955-56 (defendant may provide evidence of settlement exchanges, discovery responses, a contract the value of which is in controversy, or other evidence, such as affidavits about the cost to satisfy a plaintiff's demands). This Court cannot and does not find that the amount in controversy requirement of 28 U.S.C. § 1332(a) has been established by a preponderance of the evidence. Thus, subject matter jurisdiction has not been established, and remand is proper. *See* 28 U.S.C. § 1447(c).

The Court hereby **directs** the Court Clerk to **remand** this action to the District Court for Washington County, Oklahoma.

SO ORDERED this 15th day of July, 2014.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE